UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS SEGARRA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-217 |
| | § | |
| **IMPLEMETRICS INC**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Partial Summary Judgment of Defendants Implemetrics, Inc., James Duggar, and Dayle Frazier. (Doc. No. 37.) Defendants move to dismiss Plaintiff Carlos Segarra's claims under Texas Labor Code § 101.052 and Texas Tax Code § 171.255(a). (*Id.*) After considering the Motion, the responses thereto, and the applicable law, the Court finds that Defendants' Motion for Partial Summary Judgment must be **GRANTED IN PART** and **DENIED IN PART**.

### I.   BACKGROUND

Plaintiff Carlos Segarra, a Hispanic male of Puerto Rican descent, alleges that he was subjected to discrimination and violations of his rights under federal law while employed by Implemetrics, Inc. ("Implemetrics") at the Johnson Space Center. (Doc. No. 28 at ¶ 13-15.) In August 2009, Segarra's supervisor, Deborah Williams, ordered him back to work after he was injured on the job despite his doctor's clear directions to the contrary. (*Id.* at ¶ 15.) After that date, Williams allegedly "became vindictive and harassing toward [Segarra]." (*Id.* at ¶ 16.) Williams suspended Segarra twice – once when he took the day off to attend to the medical needs of his wife and once when Williams accused him of timecard fraud. (*Id.* at ¶¶ 18-19.)

1

Segarra claims that Williams systematically discriminated against Hispanic employees and employees who exercised their rights as union members. (*Id.* at ¶ 17.) Williams fired Segarra in September, 2011. (*Id.* at ¶ 19.)

Segarra filed charges with the Equal Opportunity Commission on March 6, 2012 asserting claims of discrimination based on color, religion, and national origin. (Doc. No. 28 ¶ 20.) He asserts that he received a right-to-sue letter on October 27, 2012. (*Id.*) Segarra then filed this case on January 25, 2013. (Doc. No. 1.)

Segarra's First Amended Complaint asserted claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; and the Family and Medical Leave Act ("FMLA"). (Doc. No. 18.) He named Implemetrics, L&M Technologies, Inc. ("L&M"), James Duggar, and Dayle Frazier as defendants. (*Id.*) Duggar and Frazier are, and were at all material times, officers and directors of Implemetrics, which was a subcontractor for L&M. (*Id.* at ¶¶ 8, 13.) Segarra argues that Duggar and Frazier can be held jointly and severally liable for Implemetrics' debts under Section 171.255(a) of the Texas Tax Code since Implemetrics' corporate privileges were forfeited from February 8, 2008 until October 24, 2011. (*Id.* at ¶¶ 9-11.) Segarra also argues that L&M can be held liable as a joint employer. (*Id.* at ¶ 14.)

Implemetrics and L&M both filed motions to dismiss Segarra's Title VII claim. (Doc. Nos. 9 and 14.) Implemetrics argued that Segarra's Title VII claim was barred by the statute of limitations, and that Segarra had failed to exhaust administrative remedies. (Doc. No. 9.) The Court denied Implemetrics' Motion based on these two arguments. (Doc. No. 27 at 4-6.) L&M argued that Segarra's Title VII claim was not timely filed after receiving his right-to-sue letter. (Doc. No. 14-1.) The Court granted L&M's Motion on this basis, but allowed Segarra to file an amended complaint. (Doc. No. 27 at 6-7.)

Segarra added a claim for violation of Section 101.052 of the Texas Labor Code in his Second Amended Complaint, but did not amend his Title VII argument.  (Doc. No. 28.)  L&M moved to dismiss Segarra's Title VII claim and his new Section 101.052 claim.  (Doc. No. 29.)  The Court granted L&M's Motion.  (Doc. No. 31.)

Implemetrics, Duggar, and Frazier now move for partial summary judgment.  Their original Motion for Partial Summary Judgment sought dismissal of Segarra's claims under FMLA, Section 101.052 of the Texas Labor Code, and Section 171.255(a) of the Texas Tax Code.  (Doc. No. 33.)  Implemetrics, Duggar, and Frazier subsequently withdrew their request for partial summary judgment on the FMLA claim.  (Doc. No. 37 at 1.)

## II.    LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).  The court can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Crawford*, 234 F.3d at 902.

The party moving for summary judgment bears the burden of demonstrating the absence of a genuine dispute of material fact.  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001).  If the moving party meets this burden, the non-moving party must go beyond the pleadings to identify specific facts showing that a genuine issue of material fact exists for trial.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  The non-moving party's burden is not

satisfied by conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Id.* The Court should not, in the absence of proof, "assume that the nonmoving party could or would provide the necessary facts." *Id.*

### III. ANALYSIS

Defendants' amended Motion presents two issues for summary judgment: (1) Segarra's claim against Implemetrics under Section 101.052 of the Texas Labor Code, and (2) Segarra's claim against Duggar and Frazier under Section 171.255(a) of the Texas Tax Code. The Court considers each in turn.

#### 1. Texas Labor Code § 101.052

This Court has already dismissed Segarra's claim against L&M for violation of Section 101.052 of the Texas Labor Code. (Doc. No. 31.) L&M argued that this state claim was preempted by federal law, and insufficiently pleaded in any case. (Doc. No. 29-1.) Implemetrics now moves for summary judgment as to the same claim for the same reasons. (Doc. No. 37 at 2.) Segarra does not object. (Doc. No. 38.) In fact, Segarra concedes that the claim is preempted by federal labor law and argues that the Court's prior Order operated to dismiss the claim against all defendants. (Doc. No. 34 at 5.) Contrary to Segarra's belief, the Court's prior Order dismissed the claim only against L&M. (Doc. No. 31.) The Court hereby **GRANTS** summary judgment to Implemetrics for Segarra's claim under Section 101.051 of the Texas Labor Code.

#### 2. Texas Tax Code § 171.255(a)

Duggar and Frazier also move for summary judgment on the issue of their liability as officers of Implemetrics. Section 171.255(a) of the Texas Tax Code governs the liability of a corporation's directors and officers if corporate privileges are forfeited due to a failure to file a

4

report or pay a tax or penalty.  If corporate privileges are forfeited, "each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." Tex. Tax. Code. § 171.255(a).   Since the statute is penal in nature, it "must be strictly construed and cannot be extended beyond the clear import" of its language. *Schwab v. Schlumberger Well Surveying Corp.*, 198 S.W.2d 79, 81 (Tex. 1946).

The issue in this case is whether Implemetrics "created or incurred" a "debt" to Segarra while its corporate privileges were forfeited.  It is undisputed that Implemetrics forfeited its corporate privileges on February 8, 2008, Segarra's allegations span August 2009 until September 2011, and Implemetrics revived its corporate privileges on October 24, 2011.  Segarra argues that Implemetrics created or incurred a debt, for which Duggar and Frazier are liable, when the relevant conduct occurred.  (Doc. No. 34 at 6.)  Duggar and Frazier argue that Implemetrics has yet to create or incur a debt to Segarra since no judgment has been issued on these claims.  (Doc. No. 37 at 3-4.)

The Court finds that Implemetrics incurred no debt to Segarra during the relevant window of forfeiture.  A debt is defined as "any legally enforceable obligation in a certain amount of money which may be performed or paid within an ascertainable period of time or on demand." *Williams v. Adams*, 74 S.W.3d 437, 440 (Tex. App.—Corpus Christi 2002). Implemetrics has no legally enforceable obligation to pay Segarra any amount of money until judgment is entered in this case. *See generally Tryco Enter., Inc. v. Robinson*, 390 S.W.3d 497, 511-21 (Tex. App.—Houston [1st Dist.] 2012) (Keyes, J., concurring) (collecting cases).

In this regard, a judgment debt is more analogous to an administrative penalty than a preexisting contract.  Courts have found that contractual debts are incurred when the parties entered

5

into the agreement, regardless of the date of eventual default or judgment. *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 422-23 (Tex. App.—Dallas 2012); *Rogers v. Adler*, 696 S.W.2d 674, 677 (Tex. App.—Dallas 1985); *Curry Auto Leasing, Inc. v. Byrd*, 683 S.W.2d 109, 112 (Tex. App.—Dallas 1984).  In contrast, courts have found that an administrative penalty is created or incurred when assessed, regardless of the date of the underlying conduct. *Jonnet v. Texas*, 877 S.W.2d 520, 523 (Tex. App.—Austin 1994); *Cain v. Texas*, 882 S.W.2d 515, 519-20 (Tex. App.—Austin 1994).

In *Jonnet v. Texas*, for example, the Austin Court of Appeals found that the corporation incurred a debt when it was ordered to pay for administrative violations rather than when it actually violated the rule.  877 S.W.2d at 523.  The court distinguished an administrative debt from a contractual debt since "unlike situations in which the execution of a written instrument or a specific transaction creates an obligation or duty to pay for a later breach of the agreement, the obligation to pay the statutory penalty *only arises* if and when a penalty is actually assessed." *Id.* at 523-24.  The same reasoning applies in this case where Implemetrics has no obligation to pay until judgment is actually entered.

The Court is not persuaded by contrary dicta found in *Williams v. Adams*. *See* 74 S.W.3d at 443 n.2.  In that case, the Corpus Christi Court of Appeals considered a plaintiff's personal injury claims against the officers of a company. *Id.* at 438.  After analyzing the statute's purpose, language, and history, the court found that Section 117.255(a) did not apply to judgment debts predicated on negligence liability. *Id.* at 440-43.  The court noted, however, that if the statute had applied, they would have found the debt to have been created on the date of the plaintiff's injury. *Id.* at 443 n.2.  Following this logic, Implemetrics would have incurred a "debt" to Segarra on the date of his termination.  The doctrine of strict construction counsels

6

against the innovation required to find a judgment debt in existence before judgment.

Implemetrics' debt to Segarra will arise if and when the Court enters judgment on these claims. If Implemetrics has forfeited its corporate privileges at that time, Segarra can file suit against Duggar and Frazier to hold them personally liable pursuant to Section 171.255(a). *In re Trammel*, 246 S.W.3d 815, 823, 825 (Tex. App.—Dallas 2008). Accordingly, the Court dismisses Segarra's Section 171.255(a) claim without prejudice. The Court **DENIES** Implemetrics' Motion for Partial Summary Judgment on this claim as moot.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Implemetrics' Motion for Partial Summary Judgment must be **GRANTED IN PART** and **DENIED IN PART**. Segarra's claim against Implemetrics for violating Section 101.052 of the Texas Labor Code is **DISMISSED WITH PREJUDICE**. Segarra's claim against Duggar and Frazier under Section 171.255(a) of the Texas Tax Code is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** on this the 5th day of November, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE